UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN STEWART,<br><br>        Plaintiff,<br><br>    v.<br><br>ACER INC., et al.,<br><br>        Defendants. | Case No. 22-cv-04684-VC<br><br>**ORDER RE: STAY PENDING ARBITRATION**<br><br>Re: Dkt. Nos. 21, 41 |

        Having granted Acer's Motion to Compel Arbitration, the Court has discretion to stay or dismiss the case. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014); Dkt. No. 21.

        Where the threshold question of arbitrability has been delegated to the arbitrator, some courts have suggested that a stay is more appropriate than dismissal, "so that th[e] statute of limitations will not run on claims that may ultimately not be arbitrable." *Gutierrez v. FriendFinder Networks, Inc.*, No. 18-cv-5915, 2019 WL 1974900, at *11 (N.D. Cal. May 3, 2019) (staying the case pending the arbitrator's decision on arbitrability); *see also Hopkins & Carley, ALC v. Thomson Elite*, No. 10-cv-5806, 2011 WL 1327359, at *8 (N.D. Cal. Apr. 6, 2011) (conditioning dismissal on the parties stipulating to tolling the statute of limitations if the arbitrator determines that any claims must be heard by the court); *Gilbertson v. Albright*, 381 F.3d 965, 981 n.16 (9th Cir. 2004) (expressing a similar concern in the abstention context) (citing *Deakins v. Monaghan*, 484 U.S. 193, 203 n.7 (1988)).

        The Court is not certain that these concerns are well-founded, because it is not clear why a statute of limitations period wouldn't remain tolled while a dispute is with an arbitrator. Statute

of limitations periods are often tolled, at least in certain contexts, when parties pursue dispute resolution via arbitration before ever filing a suit in court. *See Galindo v. Stoody Company*, 793 F.2d 1502, 1509–10 (9th Cir. 1986). This is intended to encourage private dispute resolution and avoid penalizing would-be plaintiffs for pursuing that avenue first. *See id*.

In light of that, it is not clear why plaintiffs should be penalized when they bring their dispute to court, the court compels them to arbitration, and then the arbitrator concludes that the dispute does not belong in arbitration. So long as they filed a timely lawsuit in the first place, it's difficult to imagine a basis for rejecting a tolling argument for the period it takes for an arbitrator to conclude that the case is not subject to arbitration. Thus, the Court would prefer to dismiss the case now to avoid docket clutter, which makes docket management more difficult.

Nevertheless, in an abundance of caution, the case will be stayed unless Acer files something on the docket within 7 days of this order waiving any statute of limitations defense based on the period the dispute is with the arbitrator. Absent such a waiver, the parties are ordered to inform the Court within 7 days of the arbitrator's decision on whether the dispute is subject to arbitration. Acer should submit a proposed order of dismissal if the arbitrator concludes that it is.

**IT IS SO ORDERED.**

Dated: February 1, 2023

VINCE CHHABRIA
United States District Judge