# EXHIBIT A

**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

*Attorneys for Plaintiff Stephen Stewart*

**RAFFERTY & WILLIAMS LLP**
Paul F. Rafferty (SBN 132266)
prafferty@raffertywilliamslaw.com
Jack Williams, IV (SBN 309154)
jwilliams@raffertywilliamslaw.com
120 Vantis Drive, Suite 300
Aliso Viejo, CA
Tel.: (949) 216-3411

*Attorneys for Defendants Acer, Inc. and Acer America Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEPHEN STEWART,<br><br>    Plaintiff,<br><br>v.<br><br>ACER, INC., et al.,<br><br>    Defendants. | Case No. 3:22-cv-04684-VC<br><br>**EXHIBIT A: JOINT STATEMENT REGARDING FAIRNESS OF SETTLEMENT**<br><br>Hon. Vince Chhabria |

**INTRODUCTION**

Based on their negotiated settlement, Plaintiff Stephen Stewart and Defendants Acer Inc. and Acer America Corporation (collectively, "Acer") seek an order approving the dismissal of named Plaintiff Stephen Stewart's individual claims with prejudice and dismissal of the putative class claims without prejudice. The parties also seek a determination that notice to putative class members is not required because the proposed classes have not yet been certified and no class members will be bound by or prejudiced by the dismissal of the class claims. Because a class has not been certified and because the settlement does not adversely affect the rights of absent members of the originally proposed classes, the Court should dismiss this case without notice.

**BACKGROUND**

On August 16, 2022, Mr. Stewart filed a class action complaint on behalf of himself and all others similarly situated who purchased Acer computers with defective AMD Ryzen or Athlon processors that cause invasive stuttering in audio and video playback. On August 31, 2022, Plaintiff filed a motion to relate this case to *Pietosi v. HP, Inc.*, No. 3:22-cv-4273, which the Court granted on October 19, 2022.

On October 27, 2022, Acer moved to compel arbitration based on, among other things, an arbitration clause (which included a class action waiver) contained in the End User License Agreement ("License Agreement") that was part of a split-screen scrollwrap agreement that all users were required to accept before being allowed to use their computers. (Dkt. No. 21-10.)

On December 15, 2022, the Court heard oral argument on Acer's motion to compel arbitration, which it granted on January 20, 2023. The Court held case management conferences with the parties on March 24, 2023, and June 13, 2023.

The parties have since negotiated and reached a settlement of the case.[1]

## LEGAL STANDARD

Rule 23(e) requires court approval for the settlement or voluntary dismissal of certified classes and sets forth the appropriate procedure for obtaining it. *See* Fed. R. Civ. P. 23(e). In *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989), the Ninth Circuit held that the Rule 23(e) procedure applies to pre-certification settlement and voluntary dismissals as well. *Id*. at 1408. However, the court clarified that pre-certification review is not as onerous as it is post-certification "because the dismissal is not *res judicata* against the absent class members[.]" *Id*. Under *Diaz*, courts must assess the potential for prejudice based on the following factors:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances
>
> (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations
>
> (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests

*Id*. The purpose of this inquiry is to "determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members." *Lyons v. Bank of Am., NA*, 2012 WL 5940846, at *1 (N.D. Cal. Nov. 27, 2012).

## ARGUMENT

**I.  ABSENT CLASS MEMBERS HAVE NOT RELIED ON PLAINTIFF'S CLASS CLAIMS AGAINST ACER**

Based on Plaintiff's counsel's investigation, it is highly unlikely that putative class members are aware of and have relied upon named Plaintiff's action in this Court. Plaintiff's

---

[1] This settlement agreement is confidential between the parties; however, the agreement can be provided to the Court for *in camera* review upon request.

counsel were able to identify only two news articles discussing this case published in August 2022—shortly after the case was first filed. Both articles were published on legal news websites, however, and not by mainstream news outlets. *See Richards v. Safeway Inc.*, 2015 WL 163393, at *1 (N.D. Cal. Jan. 12, 2015) ("The parties stated that it is unlikely that absent class members have relied on the claims here, because the case has mostly been reported in the legal media."). Plaintiff's counsel has not identified news coverage of the case since its filing. No one purporting to be a putative class member has contacted Plaintiffs' counsel regarding potential claims against Acer. Therefore, it is highly unlikely that any absent class member has opted to rely on this case rather than pursue their own action. *See Tombline v. Wells Fargo Bank, N.A.*, No. 13-CV-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014); *Lyons*, 2012 WL 5940846 at *2.

## II.     ABSENT CLASS MEMBERS WILL NOT BE PREJUDICED BY A RAPIDLY APPROACHING STATUTE OF LIMITATIONS

The commencement of a class action tolls the relevant federal and state law statute of limitations for all members of the class. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 553 (1974); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353 (1983) (clarifying that *American Pipe* applies to all asserted class members, not just to intervenors); *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1488-89 (9th Cir. 1985) (applying *American Pipe* and *Crown, Cork & Seal*); *see In re Engle Cases*, 767 F.3d 1082, 1106 n.28 (11th Cir. 2014) (citing Florida's class action tolling doctrine). The statute of limitations resumes when class certification is denied, *Crown, Cork & Seal*, 462 U.S. 345 at 2397-98, when an individual opts out of a class action, *Tosti*, 754 F.2d 1485 at 1488, or when class claims are dismissed, *Tombline*, 2014 WL 5140048 at *3.

Plaintiff's filing of this proposed class action against Acer tolled the relevant federal and California state law statutes of limitations for all members (and putative members) of the class. It would be impossible to calculate the time remaining for each member of the putative class.

However, because the statutes of limitations would only resume upon the Court's dismissal of this action, absent class members would have ample time to commence a new action.

## III. PLAINTIFFS HAVE NOT MADE ANY CONCESSION OF CLASS INTERESTS TO FURTHER THEIR OWN INTERESTS

Finally, class interests would not be adversely affected because the parties seek dismissal without prejudice for the class claims. Such a dismissal would not prevent absent class members from pursuing claims in the future. Indeed, district courts applying *Diaz* in cases such as this have routinely held that absent class members would not be adversely affected by the dismissal. *See, e.g.*, *Lyons*, 2012 WL 5940846 at *2; *Tombline*, 2014 WL 5140048 at *3; *Richards*, 2015 WL 163393 at *1; *Madrid v. teleNetwork Partners, LTD.*, 2019 WL 3302812, at *8 (N.D. Cal. July 23, 2019); *Rodriguez v. Nationwide Mut. Ins. Co.*, 2017 WL 7803796, at *4 (C.D. Cal. Nov. 16, 2017).

## CONCLUSION

The parties request that the Court approve the individual settlement reached in this action and dismiss the case with prejudice as to named Plaintiff Stephen Stewart and without prejudice as to all absent members of the putative class, without notice to absent class members.

Dated: July 19, 2023

Respectfully submitted,

By:

| | |
|---|---|
| */s/ Yavar Bathaee* <br> Yavar Bathaee | */s/ Paul Rafferty* <br> Paul Rafferty |

**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

*Attorneys for Plaintiff Stephen Stewart*

**RAFFERTY & WILLIAMS LLP**
Paul F. Rafferty (SBN 132266)
prafferty@raffertywilliamslaw.com
Jack Williams, IV (SBN 309154)
jwilliams@raffertywilliamslaw.com
120 Vantis Drive, Suite 300
Aliso Viejo, CA
Tel.: (949) 216-3411

*Attorneys for Defendants Acer Inc. and Acer America Corporation*